UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN MATTHEW FINNEGAN,

                    Plaintiff,

          -against-                                                21-CV-5798 (LTS)

NEW YORK CITY POLICE DEPARTMENT,                                   ORDER OF DISMISSAL

                    Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant has violated

his rights. By order dated July 7, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the

reasons set forth below.

## STANDARD OF REVIEW

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Sean Finnegan brings this action against the New York City Police Department.

Plaintiff invokes "15 US Code § 1692D," which is a provision of the Fair Debt Collection

Practices Act (FDCPA).

Plaintiff's Statement of Claim reads in its entirety: "The defendant has failed to produce

reports, investigate matters and assist the Plaintiff." (ECF 2, at 4.)

Plaintiff seeks $1 billion for "[p]ain and suffering associated with the defendants

harassing and abusive behavior." (*Id*.) He further alleges that Defendant "is liable for any and all

fees, cost, expenses and damages to the Plaintiff" and that Defendant "must advance payment for

such." (*Id.*)

Plaintiff attaches to the complaint a June 30, 2021 "Notice of Intent to File Lawsuit" that he sent to Defendant. In the Notice, Plaintiff states his intent to sue Defendant because it "failed to produce reports, investigate matters and assist the plaintiff." (*Id.* at 6.)

He also attaches a June 30, 2021 "Notice to Cease and Desist" that he sent to Defendant in which Plaintiff demands that Defendant "cease and desist all attacks, including but not limited to: defendant['s] harrassing and abusing the plaintiff by failing to produce reports, investigate matters and assist the plaintiff." (*Id.* at 7.) Plaintiff states that the "previously conducted actions are unwanted, unwelcome, and have become unbearable." [1] (*Id.*)

## DISCUSSION

### A.    Fair Debt Collection Practice Act

Plaintiff alleges that his claims arise under 15 U.S.C. § 1692d, which is a provision of the FDCPA, 15 U.S.C. § 1692. The FDCPA applies to consumer debt "arising out of . . . transaction[s]" that "are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction").

In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in § 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to

---

[1] Plaintiff has filed additional actions in this Court. *See Finnegan v. Chase Bank*, ECF 1:21-CV-6103, 2 (S.D.N.Y.) (asserting claims under the FDCPA that defendant held him "hostage" and is "harassing" and "abusing"); *Finnegan v. Lemonade*, ECF 1:21-CV-05719, 2 (S.D.N.Y.) (alleging that defendant breached its contract and is "harassing" and "abusing" him, causing him to become homeless); *Finnegan v. WeWork*, ECF 1:21-CV-5593, 2 (S.D.N.Y.) (alleging that defendant breached its contracts with Plaintiff, evicted him, and has "harassed" and "stalked" him).

another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Plaintiff invokes section 1692d, which provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language, "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Here, Plaintiff alleges no facts suggesting that Defendant qualifies as a debt collector under the statute. *See, e.g., Stone v. City of New York*, No. 05-CV-2736, 2011 WL 13295270, at *8 (E.D.N.Y. Sept. 2, 2011) (dismissing FDCPA claims against "City Defendants", including the NYPD, because plaintiff failed to demonstrate they were a debt collector under the statute); *Longi v. New York*, No. 02-CV-5821, 2006 WL 8441210, at *18 n.18 (E.D.N.Y. June 26, 2006), *aff'd*, 363 F. App'x 57 (2d Cir. 2010) (holding that none of defendants, including Suffolk County Police Department, was a debt collector within the meaning of the FDCPA).

In any event, Plaintiff has failed to allege any facts suggesting that he owed a debt or that the Defendant took any action that violates the FDCPA. Instead, Plaintiff alleges that Defendant "failed to produce reports, investigate matters and assist the Plaintiff." (ECF 2, at 4.) The Court

therefore dismisses any claims Plaintiff may be asserting under the FDCPA for failure to state a

claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Failure to Investigate**

The Court must also dismiss any claims Plaintiff may be bringing arising from

Defendant's alleged failure to investigate or failure to assist Plaintiff regarding any matters

Plaintiff may have brought to its attention. The government generally has no duty under the

Fourteenth Amendment to investigate or protect an individual against harm from others.

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Lewis v.*

*Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004) (holding that there is "no constitutional

right to an investigation by government officials"); *Lewis v. New York City Police Dep't*, 2000

WL 16955, *4 (S.D.N.Y. Jan. 10, 2000) ("There is no constitutional right to force an officer to

make an arrest.").

The Second Circuit has recognized two exceptions to this general rule. First, "when the

State takes a person into its custody and holds him there against his will, the Constitution

imposes upon it a corresponding duty to assume some responsibility for his safety and general

well-being." *DeShaney*, 489 U.S. at 199-200. Second, the government may assume some

obligation when it affirmatively creates or increases the danger to the plaintiff. *See Dwares v.*

*City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993). Plaintiff has failed to alleged facts suggesting

that either of these two exceptions is applicable here. The Court therefore dismisses any claims

for failure to investigate that Plaintiff may be asserting, for failure to state a claim on which relief

may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to

state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 26, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge